UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CRIMINAL NO. 18-20410
                                HON. DENISE PAGE HOOD

v.

ADAM BLAKE BROWN,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [#31]

**I. BACKGROUND**

**A. Procedural Background**

On September 6, 2017, a Criminal Complaint was filed against Defendant Adam Blake Brown ("Brown"). (Doc # 1) On September 12, 2017, Brown agreed to have the Court enter a Consent Order of Detention Pending Trial/Hearing. (Doc # 9) The Government filed an Information on June 13, 2018 and charged Brown with one count of Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1)). (Doc # 20) On July 2, 2018, Brown was arraigned based on the Information and waived his right to prosecution by indictment. (Doc # 25) On November 6, 2018, Brown filed a Motion to Dismiss the Information. (Doc # 31) The Government filed a Response

on November 27, 2018.  (Doc # 34)  Brown filed his Reply on December 3, 2018. (Doc # 35)  A hearing on this Motion was held on December 6, 2018.  (Doc # 33)

**B. Factual Background**

On August 29, 2017, Detroit Police Officers arrived at a Detroit residence in search of "a person with a weapon."  Upon their arrival, the officers spoke with the mother of Brown, and learned that Brown stole her vehicle, was in possession of a black assault rifle, and was on parole after being released from prison during the previous year.  Following the Officers' conversation with Brown's mother, they attempted to locate Brown in the surrounding area, but they were unable to find him.  After their unsuccessful search, the Officers were informed by the Detroit Police Department that Brown had returned to the residence.  The Officers then spoke with Brown's mother for the second time, and discovered that Brown had parked the stolen vehicle in the residence's driveway and departed on foot.  Brown was subsequently found by the Officers in the nearby area and was detained.

While Brown was detained, he stated to the Officers that he no longer had a rifle with him because he dropped it somewhere behind the residence.  Soon after Brown's admission, the Officers located a highpoint, model 4595, .45 caliber rifle with a destroyed serial number directly behind the residence.  Once the Officers recovered the rifle, they arrested Brown.

Brown first appeared on the Criminal Complaint before the Court on September 7, 2017. (Doc # 3) On this date, Federal Defender Office Attorney Jill Price ("Price") was appointed to represent Brown. (Doc # 4) Brown claims that he did not see Price from on or about September 10, 2017 until January 23, 2018. (Doc # 31, Pg ID 69) During those months, Price was able to secure three separate adjournments through stipulated orders. These orders were filed on September 14, 2017 (Doc # 10), November 15, 2017 (Doc # 12), and January 12, 2018 (Doc # 13). Two additional adjournments were secured by Price on March 21, 2018 (Doc # 18) and May 18, 2018 (Doc # 19). Brown claims that due to the five adjournments, he remained in custody for a total of 274 days. (Doc # 31, Pg ID 69)

Each of the five stipulated orders specify that Brown's case was delayed so that the parties could further investigate the facts of the case, review discovery, and conduct plea negotiations. Both parties acknowledge that the adjournments were primarily necessary to give Price the opportunity to access Brown's mental health records. While all of the stipulated orders explicitly indicate that Brown agreed that the adjournments were in his best interest, Brown argues that the orders were filed and entered by Price without his consent or input.

In addition to the aforementioned adjournments, there were several other matters that delayed Brown's case from proceeding to a potential trial. First, on February 1, 2018, Price filed a motion seeking a mental health evaluation of Brown

and requested that this Motion be sealed. (Doc # 14; Doc # 15) Price's Motion was granted in its entirety by the Court on February 1, 2018. (Doc # 16; Doc # 17) Second, a new attorney, Nancy McGunn ("McGunn"), from the Federal Defender Office, began representing Brown on June 20, 2018 after Price retired. (Doc # 21; Doc # 31, Pg ID 70) Third, McGunn filed a Motion to Withdraw as Brown's Attorney on August 7, 2018. (Doc # 28) The Court granted McGunn's Motion on August 31, 2018. (Doc # 30) On September 4, 2018, attorney Regina D. Jemison ("Jemison") was substituted as counsel to represent Brown.

Brown requests that the Court dismiss the Government's Information with prejudice because he believes that his constitutional right to a speedy trial was violated pursuant to the Fifth and Sixth Amendments.

## II. ANALYSIS

### A. Fifth Amendment Right Against Pre-Indictment Delay

"[T]he Due Process Clause of the Fifth Amendment protects against oppressive pre-indictment delay." *United States v. Schaffer,* 586 F.3d 414, 424 (6th Cir.2009). However, "dismissal for pre-indictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage." *Id.* (internal quotation marks and citation omitted). Here, the Government filed a Criminal Complaint against Brown on September 6, 2017, and subsequently filed an

4

Information on June 13, 2018, resulting in a pre-indictment delay of approximately nine months.

Regarding the first part of the analysis, Brown has not demonstrated how the pre-indictment delay has caused there to be substantial prejudice to his right to a fair trial. Brown has generally described how the pre-indictment delay has prejudiced him, but he has not explained how the pre-indictment delay has affected his ability to have a fair trial in accordance with the Fifth Amendment's protections. Further, while Brown has not proven the necessary prejudice for the Court to find that his Fifth Amendment rights have been violated, the Court acknowledges that Brown has also not established that the delay was an intentional device by the Government to gain a tactical advantage. Brown only alleges that Price caused the pre-indictment delay and does not claim that the *Government* was responsible for violating his constitutional rights.

**B. Sixth Amendment Right to a Speedy Trial**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. When determining whether there has been a speedy trial violation, the Court must balance four factors: (1) the length of delay; (2) reason for delay; (3) whether, when and how the defendant asserted his right to speedy trial; and (4) whether there was prejudice to the defendant as a result of the delay. *Barker v. Wingo,* 407 U.S. 514,

530 (1972). None of these four factors is "a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533.

### 1. Length of Delay

Brown argues that the delay between the first time that his case was adjourned and when he was arraigned on the Information, which he claims was 274 days, was excessive. The Government has not disputed the length of Brown's delay or whether the delay was extreme.

"The length of the delay is a threshold requirement. If the length of the delay is not 'uncommonly long,' then judicial examination ends." *Maples v. Stegall,* 427 F.3d 1020, 1025 (6th Cir.2005) (citing *Doggett v. United States,* 505 U.S. 647, 652 (1992)). "The length of the delay is measured from the date of the indictment or the date of the arrest, whichever is earlier." *Id.* at 1026. A delay of one year is considered presumptively prejudicial. *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006). Brown was arrested on August 29, 2017. The Information was filed on June 13, 2018. Brown has yet to be tried.

Brown was in custody for approximately nine months before the Government filed its Information. A period of nine months does not trigger a presumption of

delay. Although the matter had not been pending for a year at the time the Information was filed, the Court will still consider the remaining factors.

## 2. Reason for Delay

It is Brown's contention that the reason for the delay—for Price to have time to obtain his medical records—was caused by Price's negligence because she refrained from acquiring his mental health records until after he had been in custody for five months. Brown asserts that Price did not have him sign releases for his medical information from the Michigan Department of Corrections and other sources until January 23, 2018. Brown also claims that he was not given a psychological evaluation until February 23, 2018. The Government does not directly respond to Brown's argument, but does claim that it had no reason to believe that Price was not trying to obtain Brown's mental health records during the adjournment periods.

The relevant inquiry when assessing the second factor is whether the delay rests more with the Government or the defendant. *Maples v. Stegall,* 427 F.3d 1020, 1026 (6th Cir.2005). "Governmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while neutral reasons such as negligence are weighted less heavily, and valid reasons for a delay weigh in favor of the government." *Robinson,* 455 F.3d at 607. Delays caused by defense counsel are attributable to the defense for speedy trial purposes. *Vermont*

7

*v. Brillon,* 556 U.S. 81, 90-91 (2009). Here, both parties agree that the delays were caused by Price's need to access and examine Brown's mental health records. The Court finds that even though the delays might have been lengthier than necessary to accomplish Price's objective, these delays must be considered attributable to Brown. Since there is no argument that the delays were caused by the Government, in bad faith or otherwise, this factor weighs against Brown.

### 3. Assertion of Speedy Trial Rights

Brown alleges that he has asserted that his speedy trial rights were violated on various occasions. Brown claims that in early 2018, he sent a letter to Judge Terrence Berg in an effort to have his case proceed in a timely manner. Brown alleges that he sent this letter to Judge Berg because he was unaware of who the presiding judge was in his case. Brown additionally claims that he complained to McGunn about Price's failure to move his case forward. Brown contends that his assertion of his speedy trial rights caused McGunn to withdraw as his attorney.

As to the third factor, "[t]he defendant's assertion of his speedy trial right ... is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right.... [The] failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial ." *Barker,* 407 U.S. at 531–32. The Court should consider the frequency, vigor, and timeliness with which defendant asserted his speedy trial rights. *Brown v. Bobby,* 656 F.3d 325, 344 (6th

Cir.2011). Here, the first instance in which Brown alleges that he asserted his speedy trial rights was in early 2018 when he wrote to Judge Berg. Even if the Court were to consider this act to be an assertion and ignore the manner in which it was asserted, it would have occurred, at the earliest, approximately a little less than four months after he was in custody. The tardiness of Brown's assertion is relevant to the Court's assessment of his claims, and other courts have held that similar petitioners' delays in asserting their speedy trial rights weigh against them. *See United States v. Schreane,* 331 F.3d 548, 557 (6th Cir.2003) (holding that a defendant's unexplained four-month and three-week delay in asserting his speedy trial rights weighed against him); *see also United States v. Watford,* 468 F.3d 891, 907 (6th Cir.2006) (weighing against the defendant his nearly five-month delay in asserting his speedy trial rights).

Brown's other alleged assertion to McGunn could have only occurred, at the earliest, on June 20, 2018. This assertion is certainly tardy because it took place nearly nine months after Brown would have been in custody.

The Court finds that the third factor weighs against Brown.

### 4. Prejudice to Defendant

Brown contends that he was prejudiced because his mental illness was negatively affected by the amount of time that he has spent in custody. Brown further contends that his time in custody caused him to suffer from emotional

distress.  Brown additionally asserts that he was prejudiced since he still has not had the opportunity to address and resolve his parole hold.  The Government argues that Brown's case was not impaired by being delayed since Price's adjournments assisted his defense by being able to identify his mental health issues, which the Government claims could assist him in future plea negotiations and during a potential sentencing phase.  The Government additionally argues that Brown did not suffer substantial prejudice because he would have had to return to state custody to resolve his parole hold regardless of his federal detention.

When considering whether a defendant has suffered prejudice, the Court will consider three factors that the right to speedy trial was designed to protect: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused; and (3) whether the defense is impaired.  *Barker,* 407 U.S. at 532.  The Court finds that Brown was not substantially prejudiced.  First, due to Brown's history of mental illness, the Court believes that it was in his best interest to have Price obtain his mental health records.  The time that it took for Price to retrieve Brown's medical records might have been lengthy, but it still benefits Brown to have these records available for the Court and for purposes of his defense.  Second, Brown would have been detained even if this case proceeded at a faster pace.  As both parties admit, Brown's parole hold would have sent him to state custody even if this matter before the Court had been resolved more quickly.

The fourth factor weighs against Brown as well.

The Court concludes that at least three of the four *Barker* factors weigh against Brown. Accordingly, Brown was not denied his Sixth Amendment right to a speedy trial up until the time the Information was filed. From the date of the Information to today's date, the delays were attributable to the new appointment of counsel and the instant Motion that raised Brown's speedy trial issue.

### C. Speedy Trial Act—18 U.S.C. § 3161

Brown does not allege that his statutory speedy trial rights, pursuant to 18 U.S.C. § 3161, have been violated in his instant Motion. However, during oral argument, Brown alluded to the fact that his rights under the 18 U.S.C. § 3161(c)(1) have been impaired. On the record, Brown asserted that the Government has not complied with the applicable "70-day rule." The Court will address Brown's argument below.

The Speedy Trial Act ("the Act"), 18 U.S.C. §§ 3161 *et seq* governs the time periods that a defendant must be brought to trial after an information or indictment is filed. The Act's time limitations were established to "limit the possibilities that long delay will impair the ability of an accused to defend himself." *Dickey v. Florida*, 398 U.S. 30, 54 (1970) (quoting *United States v. Ewell*, 383 U.S. 116, 120 (1966)). As it relates to these proceedings, a criminal trial must begin within seventy

days from the later of when the information or indictment is filed or when the defendant appears before a judge on the charge. 18 U.S.C. § 3161(c)(1). The Act also lists a number of events, or excludable delays, during which the Speedy Trial Clock is tolled for the purposes of calculating the seventy-day period. 18 U.S.C. § 3161(h).

Here, Brown was arraigned on Information on July 2, 2018. From July 3, 2018 to August 7, 2018, Brown's clock ran, totaling 36 days. His clock stopped on August 7, 2018 when attorney McGunn filed her Motion to Withdraw. While the Court granted McGunn's Motion on August 31, 2018, Brown's clock did not begin to run again until attorney Jemison made an appearance representing Brown on the record, which occurred on September 17, 2018. On September 17, 2018, Brown agreed to waive his speedy trial rights until his next proceeding that was scheduled for November 8, 2018. On November 6, 2018, Brown filed his instant Motion. On December 6, 2018, during Brown's hearing for the instant Motion, he waived his speedy trial rights on the record until December 13, 2018, which is when the Court reconvened to issue its ruling on the Motion. As of December 13, 2018, Brown has not exhausted the seventy days necessary to result in a violation of his rights under the Speedy Trial Act. Only 36 days have run out of the 70 days. There is no violation of the Speedy Trial Act.

## III. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Adam Blake Brown's Motion to Dismiss (Doc # 31) is **DENIED**.

DATED: December 21, 2018

s/Denise Page Hood
DENISE PAGE HOOD
Chief United States District Judge